SUAREZ, Judge.
Ray Francisco Nieves (“Nieves”) appeals the trial court’s denial of his motion to enforce a settlement agreement with one of the defendants below, Snapp Industries, Inc. (“Snapp”). We affirm.
Nieves argues that the trial court erred by denying his motion to enforce a settlement agreement with Snapp. Snapp asserts that the notice of appeal is deficient and that the purported settlement agreement is barred as a matter of law.
Snapp and Nieves reached a settlement whereby Snapp would pay Nieves $5,000 in exchange for Nieves’ agreement not to oppose Snapp’s motion for summary judgment. Nieves argues this arrangement would allow him to settle with Snapp and would block Snapp’s co-defendants from making Snapp a Fabre[1] defendant. Snapp withdrew its offer to settle after expressing concern that the arrangement might be unethical. Nieves moved the trial court to enforce the settlement. The trial court denied the motion and instructed Snapp and Nieves to either settle the matter or to pursue summary judgment. Snapp offered to settle for the $5,000. Nieves refused to accept without Snapp pursuing the unopposed summary judgment. Snapp then moved for summary judgment, which Nieves did not oppose. The trial court granted summary judgment in favor of Snapp. Nieves then sought reconsideration of his motion to enforce settlement which the trial court denied.
We affirm the trial court’s denial of Nieves’ motion to enforce. Nieves attempted to enforce his settlement agreement with Snapp in addition to obtaining a ruling on Snapp’s summary judgment motion, thereby blocking the co-defendants from making Snapp a Fabre defendant. This type of settlement agreement is barred as a matter of law. Dosdounan v. Carsten, 624 So.2d 241 (Fla.1993). The trial court correctly refused to enforce it.
Affirmed.

. Fabre v. Marin, 623 So.2d 1182 (Fla.1993).